UNITED STATES DISTIRCT COURT

MIDDLE DISTRICT OF LOUISIANA

SONJA VARISE                                                 CIVIL ACTION

VERSUS

H&E HEALTHCARE, L.L.C.,                         NO. 10-666-BAJ-DLD
d/b/a FLANNERY OAKS GUEST HOUSE

## RULING AND ORDER

This matter is before the Court pursuant to a Motion for Summary Judgment filed by Defendant, H&E Healthcare d/b/a Flannery Oaks Guest Home ("Flannery Oaks" or "Defendant") (doc. 6). Plaintiff, Sonja Varise ("Plaintiff" or "Varise") opposes Defendant's Motion (doc. 8). The Court has jurisdiction under 28 U.S.C. § 1331.

## I. BACKGROUND

a. **Uncontested Material Facts**

Pursuant to LR 56.1, Defendant has submitted a statement of undisputed material facts (doc. 6-2). Plaintiff, however, has contested some of those facts, as permitted under LR 56.2 (doc. 8-15).

On October 13, 2004 Plaintiff was hired by Flannery Oaks as a Certified Nursing Assistant (doc. 6-2, p.1). On April 27, 2009, Plaintiff accepted the position of Accounts Manager and Administrative Assistant in the Human Resources department of Flannery Oaks (doc. 6-2, p.1). While in

1

that position, Plaintiff was approved for Family Medical Leave from March 1, 2010, through April 12, 2010, for a necessary total and complete hysterectomy (doc. 8, p. 1). While on that leave, on or about March 17, 2010, Ms. Shelly Johnson, Administrator of Flannery Oaks, contacted Plaintiff and requested that Plaintiff return to work before her scheduled return date of April 12, 2010 (doc. 8, p. 2). On April 8, 2010, four days before the scheduled return from FMLA leave, Plaintiff was terminated from the Accounts Manager and Administrative Assistant position (doc. 6-2, p. 1). Plaintiff was informed that the position had been eliminated and was offered the position of Certified Nursing Assistant during the evening shift (doc. 8, p. 2).

It is contested whether the elimination of this position was part of a legitimate reorganization of the nursing home (doc. 8-15 p. 1, doc. 6-2 p. 9). Defendant states that other employees' positions were terminated due to this reorganization, including the elimination of Ms. Tammy Reine's position in the company (doc. 6-2 p. 2). However, Plaintiff submitted the deposition of the Flannery Oak's human resources coordinator that that the elimination of Ms. Reine's position was also a violation of the Family and Medical Leave Act (doc. 8 p. 4).

b.  **Additional Facts Alleged**

Plaintiff further alleges that she was unable to perform the duties of the certified nursing assistant due to severe leg and back injuries and that

she could not work the evening shift due to personal family conflicts (doc. 8 p. 2, doc. 8-15 p. 1).

## II. ANALYSIS

### a. Summary judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2411, 91 L. Ed. 2d 202 (1986).

The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the

3

existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Plaintiff asserts that her position at Flannery Oaks was unlawfully eliminated in retaliation of her exercise of FMLA leave (doc. 1-2, ¶ 17). Additionally, she claims that Flannery Oaks unlawfully interfered with her ability to exercise rights under the FMLA (doc. 1-2, ¶ 16).

### b. FMLA Retaliation Claim

Summary judgment for a retaliation claim under the FMLA is subject to the modified *McDonnell Douglas* test. First Plaintiff must demonstrate a *prima facie* case of retaliation by establishing 1) that she was covered by the FMLA; 2) that she suffered an adverse employment decision; and either 3a) that she was treated less favorably than an employee who had not requested FMLA leave, or 3b) the adverse employment action was made because of the decision to leave. *Oby v. Baton Rouge Marriot*, 329 F. Supp. 2d 772, 785–86 (M.D. La. 2004). Following this showing, the burden shifts to the employer to demonstrate a legitimate, non-retaliatory reason for the employment decision. *Richardson v. Monitronics Intern, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005). The Plaintiff must then show either 1) that the employer's reason is a pretext for discrimination; or 2) that the employer has a discriminatory or retaliatory motive in addition to a legitimate reason, or mixed motives. *Id.* If the employee demonstrates that the employer had a mixed motive, then the

4

employer must show that it would have conducted the same employment action regardless of the discriminatory motivation. *Id.*

Defendant does not argue that the Plaintiff fails to establish the *prima facie* evidence of an FMLA retaliation claim (doc. 6-1). Instead, Flannery Oaks asserts that the elimination of Plaintiff's position was a legitimate business decision (doc. 6-1, p. 9). Furthermore, Defendant categorizes Plaintiffs' claim as a mixed-motive claim and further asserts that if there was a discriminatory motivation, Plaintiff's position would have been eliminated regardless of any such motivation (doc. 6-1, p. 8–9). Defendant also asserts that its managing company, Southern Management, L.L.C., decided which positions to eliminate in the company restructuring (doc. 6-1, p. 9).

However, Plaintiff does not demonstrate a mixed motive claim, but instead produces evidence that the elimination of the position was a pretext for discrimination. Plaintiff submitted evidence of other suspect terminations of employees who exercised FMLA rights from Flannery Oaks. (doc. 8, p. 4). Flannery Oaks cites to one of these terminations as evidence of the legitimacy of the restructuring, the termination of Ms. Tammy Reine (doc. 6-1, p. 2–3). However, Plaintiff submits deposition testimony of Flannery Oaks' human resources coordinator stating that, in her opinion, Ms. Reine's termination was a violation of FMLA (doc. 8-9, p. 1). Additionally, shortly before eliminating her position, Flannery Oaks contacted the Plaintiff while she was

5

on FMLA leave and requested that she return from leave earlier than the approved date (doc. 8, p. 5). Plaintiff argues that this demonstrates the necessity of the position, and conflicts with Defendant's statements later that month that the position was expendable (doc. 8 p. 5). As a result, Plaintiff does not submit evidence of mixed motive retaliation, but alleges instead that the legitimate reason offered is a pretext for discrimination. Thus, Defendant's contention that the position would have been eliminated regardless of a discriminatory motive is not relevant to the analysis for determining summary judgment, as it is not relevant to the pretext analysis. *Richardson*, 434 F. 3d at 333.

In addition to the Plaintiff satisfying the requirements under the *McDonnell Douglas* burden shifting analysis, Defendant's assertion that Southern Management made the reorganization decisions and terminated the position presents a question of material fact that needs to be resolved. As a result, Defendant is not entitled to summary judgment on the retaliation claim.

### c. FMLA Interference Claim

Although Plaintiff failed to discuss the issue in her opposition to Defendant's Motion for Summary Judgment, she did file a claim for interference with her rights under the FMLA. Interference with FMLA rights occurs when an employer denies or interferes with an otherwise eligible

employee's ability to take FMLA leave and be restored after that leave. *See, e.g., Nocella v. Basement Experts of America*, 499 F. Supp. 2d 935, 940 (N.D. Ohio) (citing *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003)).

Defendant argues that it did not interfere with Plaintiff's rights under the FMLA because Plaintiff's position was eliminated, thereby removing the possibility of restoring her to her former position (doc. 6-1, p. 6). Defendant cites 29 C.F.R. § 825.214, which provides that an employee is not entitled to restoration if the employer can show that the employee would not be employed at the time of reinstatement[1] (doc. 6-1, p. 6). Defendant cites three cases to support its contention that an employer is not required to restore an employee to a position when the position has been eliminated: *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541 (4th Cir. 2006); *Price v. Washington Hosp. Center*, 321 F. Supp. 2d 38 (D.D.C. 2004); and *Madison v. Sherwin Williams Co.*, 158 F. Supp. 2d 854 (N.D. Ill. 2001) (doc. 6-1 p. 6). As a result, Defendant claims that because Plaintiff's position was eliminated

---

[1] 29 C.F.R. 825.216(a)
    (a) An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period. An employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment.
Currently, there is a circuit split as to who has the burden of proof on this matter. *See Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 549 (4th Cir. 2006)(describing the case law surrounding this circuit split).

during a reorganization of the company, it did not interfere with the right of the Plaintiff to be restored to her position (doc. 6-1 p. 6). Defendant further contends that because the position was eliminated, it was not required to restore Plaintiff to an equivalent position (doc. 6-1 p. 7).

Because of the similarity between the evidence for FMLA retaliation and FMLA interference when the interference claimed is termination or elimination of the position, many courts doubt the validity of these claims when styled as interference claims. *See Johnson v. Roehl Properties of Indiana LLC*, No. 10-0081, 2012 WL 1144027, at *6 (N.D. Ind. 2012)(holding that there is no right to continual employment while on FMLA leave and so there is no interference claim when there has been a termination and that this claim was "really 'only a retaliation claim masquerading' as an interference claim.")(citing *Dressler v. Community Service Communications, Inc.*, 275 F. Supp. 2d 17, 25 (D. Me. 2003)(holding that only a retaliation claim is available when the employee on FMLA leave is terminated)); *Mascioli v. Arby's Restaurant Group, Inc.*, 610 F. Supp. 2d 419, 433 (W.D. Pa. 2009); *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050–51 (discussing the relationship between FMLA interference and FMLA retaliation claims: "[E]very discharge of an employee while [he] is taking FMLA leave interferes with an employee's FMLA rights. However, the mere fact of discharge *during* FMLA leave by no means demands an employer be held strictly liable for

violating the FMLA's prohibition of interfering with an employee's FMLA rights" (citing *Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 980 (8th Cir. 2005)).

Although Plaintiff's pretext argument renders summary judgment improper for her retaliation claim, it cannot do the same for her interference claim. Defendant's argument that Plaintiff's interference claim cannot survive summary judgment is a convincing one. The facts show that Plaintiff's position was eliminated, thereby making restoration to that position impossible. Furthermore, Plaintiff has done nothing to show that a genuine issue of material fact exists as to this claim. As such, the Court finds that no genuine issue exists, and Defendant is indeed entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim is DENIED. Defendant's Motion for Summary Judgment on Plaintiff's interference claim is GRANTED.

Baton Rouge, Louisiana, November 30, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

9

Case 3:10-cv-00666-BAJ-MJU   Document 9   11/30/12   Page 9 of 9